**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**NATIONAL BANK OF ARKANSAS, N.A.**                                    **PLAINTIFF**

**V.**                          **CASE NO 4:10CV00087 BSM**

**FEDERAL DEPOSIT INSURANCE
CORPORATION**                                                          **DEFENDANT**

## ORDER

Defendant Federal Deposit Insurance Corporation ("FDIC") moves to stay proceedings pending exhaustion of administrative remedies or, in the alternative, to dismiss (Doc. No. 6). Plaintiff National Bank of Arkansas ("NBA") opposes the motion (Doc. No. 9). For the reasons stated below, the FDIC's motion to dismiss is granted and this case is dismissed without prejudice.

### I. BACKGROUND

NBA is a nationally chartered federal banking corporation having its principal place of business in North Little Rock, Arkansas. Plaintiff's Complaint ¶ 1 (Doc. No. 9). ("Compl."). FDIC is a federally chartered national insurance corporation having its primary place of business in Washington, D.C. *Id*. at ¶ 2. This dispute arises out of a contract singed by NBA with Irwin Union Bank, F.S.B., ("Irwin") a financial institution located in Louisville, Kentucky and doing business in Arkansas and which is now under FDIC receivership. *Id*. at ¶ 4.

In early 2008, NBA began participating in a $6.5 million loan between Irwin and Jack

and Lillian Sioukas (the "Sioukas Loan") and secured by a mortgage against real property in Sacramento, California. *Id*. at ¶ 5-6. The participation agreement provided that NBA would become the lead bank and would service the Sioukas Loan should Irwin ever be placed in receivership. *Id*. at ¶ 7. Irwin subsequently failed and the FDIC became its receiver. *Id*. Further, at some point prior to the time Irwin failed, the Sioukas's defaulted on the loan and Irwin failed to properly service the loan. NBA's response to motion to stay 3 ("NBA Resp.") (Doc. No. 87).

NBA now alleges that the FDIC is not properly servicing the Sioukas Loan and is refusing to permit NBA to service the loan as required by the participation agreement. Compl. ¶ 7. NBA requests declaratory and injunctive relief requiring the FDIC to allow it to act as lead bank and service the Sioukas Loan. Compl. ¶ 13-14. NBA also requests an accounting and alleges breach of contract, breach of fiduciary duty, and negligence. *Id*. at ¶ 15-18. Finally, although NBA's complaint requests an unspecified amount of damages, it now disclaims all requests for monetary relief and re-styles its complaint as one for declaratory relief only.

The FDIC requests a stay of all proceedings pending NBA's exhaustion of administrative proceedings. In the alternative, the FDIC moves to dismiss.

## II. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of subject matter jurisdiction and the party asserting jurisdiction has the burden of establishing a prima facie

case. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).  In analyzing a motion to dismiss, it is appropriate to reference any evidence that may help resolve disputed factual issues, including evidence outside of the pleadings. *Osborn v. U.S.*, 918 F.2d 724, 729 (8th Cir. 1990).  Moreover, the complaint is not presumed to be truthful.  *Id.*

## III. DISCUSSION

The Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") requires exhaustion of administrative procedures described in 12 U.S.C. § 1821(d)(3)-(13) before bringing a lawsuit against the FDIC as receiver for a failed institution.  *Tri-State Hotels, Inc. v. F.D.I.C.,* 79 F.3d 707, 712 (8th Cir. 1996); *Taylor v. ANB Bancshares, Inc.,* 2009 WL 5730500, 3 (W.D.Ark. 2009).  This requirement is jurisdictional, and absent such exhaustion, federal district courts lack subject matter jurisdiction over the action.  *Taylor,* 2009 WL 5730500, *3.  Therefore, claimants must first submit their claims directly to the FDIC for determination.  12 U.S.C. § 1821(d)(5).

Upon exhaustion, a plaintiff may request administrative review or file suit in the district court where the depository institution has its principal place of business or the United States District Court for the District of Columbia. 12 U.S.C. § 1821(d)(6)(A).  This too is a jurisdictional requirement, since the FIRREA divests courts of jurisdiction over all claims not brought in accordance with its structures.  *Frederichs v. Gorz*, 624 F.Supp.2d 1058, 1062 (D.Minn. 2009)(collecting cases).

The FDIC moves to stay this action because of NBA's failure to exhaust

administrative procedures pursuant to 12 U.S.C. § 1821(d)(3)-(8) and (13).  In the alternative, the FDIC moves to dismiss for lack of jurisdiction.  The FDIC sets forth three reasons why jurisdiction is not proper.  First, the FDIC, as receiver, is not subject to diversity jurisdiction. Second, exhaustion is a jurisdictional requirement and NBA's failure to comply divests this court of subject matter jurisdiction.  Third, 12 U.S.C. § 1821(d)(13)(D) clearly provides that upon exhaustion, jurisdiction is proper only in the district in which the failed depository institution has its principal place of business and Irwin's principal place of business is not in the Eastern District of Arkansas.

NBA argues that a stay is inappropriate and jurisdiction is proper because it was not required to exhaust administrative procedures.  This is true, NBA argues, because its claim is against the FDIC in its post-receivership capacity, and therefore it was not required to exhaust the administrative process.  Although the Tenth Circuit has held that post-receivership claims are not required to exhaust administrative procedures, *Homeland Stores, Inc. v. RTC,* 17 F.3d 1269 (10th Cir.), *cert. denied,* 513 U.S. 928 (1994), most other circuits have held that post-receivership claims must exhaust the administrative procedures. *See e.g.*, *Heno v. FDIC,* 20 F.3d 1204, 1208-10 (1st Cir.1994) (*Heno II*) requiring exhaustion for both pre-receivership claims and claims arising from management actions taken by the receiver); *McCarthy v. F.D.I.C.*, 348 F.3d 1075, 1080 (9th Cir. 2003) (collecting cases).

Although the Eighth Circuit has not directly addressed this issue, it has held that exhaustion is required if the "genesis of the claim" is pre-receivership misconduct.  *Tri-State*

4

*Hotels*, 79 F.3d at 713.  The Eighth Circuit has further held that "courts should look at the underlying substance of the challenged events.  If plaintiff brings an action against the assets of the failed institution, then FIRREA's exhaustion requirement is applicable, regardless of how plaintiff styles its claim." *RTC Mortg. Trust 1994-N2 v. Haith,* 133 F.3d 574, 580 (8th Cir. 1998) (citing *Tri-State Hotels,* 79 F.3d at 713 n. 9).

NBA was required to exhaust administrative procedures as described in § 1821(d)(3)-(8) and (13) because the genesis of its claim is the pre-receivership activities of Irwin.  NBA's complaint notes that Irwin did not properly service the Sioukas Loan prior to FDIC receivership.  NBA's hope that the FDIC would act differently does not negate the fact that this action began with Irwin allegedly not performing its duties under the participation agreement.  Moreover, the Sioukas Loan was clearly Irwin's asset.

In the alternative, NBA argues that it presented its claims to the FDIC by submitting written notice of its election to take lead bank status and to service the Sioukas Loan, and the FDIC refused to acknowledge its election. Compl. ¶ 7.  This, however, is insufficient because the FDIC may prescribe the method by which claims must be submitted. *Frederichs*, 624 F.Supp.2d at 1061 (citing 12 U.S.C. § 1821(d)(4)(A)) (rejecting plaintiff's claim that calling defendant's help line was sufficient to satisfy exhaustion).  NBA's notice of its desire to become lead bank is not the same as filing a claim through the FDIC's administrative procedures.

Finally, even if NBA had properly exhausted the administrative process, jurisdiction

5

does not rest in this court because the FIRREA requires that these cases be brought in the district where the failed depository institution has its principal place of business or the United States District Court for the District of Columbia.  *Frederichs,* 624 F.Supp.2d at 1062.  In that Irwin's principal place of business is not in the Eastern District of Arkansas, this district does not have jurisdiction over this case.

## IV. CONCLUSION

Accordingly, defendant's motion to dismiss is granted and this case is dismissed without prejudice.

IT IS SO ORDERED this 24th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE